IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-772-WJM-MEH

ALAN KENNEDY,

    Plaintiff,

v.

DOUGLAS PAUL, Assistant Adjutant General, Colorado National Guard;
RICHARD SANDROCK, JFHQ Commander, Colorado National Guard;
CHARLES BEATTY, Chief of Staff (Army), Colorado National Guard;
KEITH ROBINSON, Staff Judge Advocate, Colorado National Guard;
LAURA CLELLAN, Adjutant General, Colorado National Guard;
DANIEL HOKANSON, Chief of the National Guard Bureau;
CHRISTINE WORMUTH, Secretary of the Army; and
LLOYD AUSTIN, Secretary of Defense,

    Defendants.

## ORDER GRANTING MOTION TO DISMISS

Plaintiff Alan Kennedy sues Brigadier General Douglas Paul, Major Richard Sandrock, Colonel Charles Beatty, Colonel Keith Robinson, Brigadier General Laura Clellan (collectively, "National Guard Defendants"), General Daniel Hokanson, Secretary of the Army Christine Wormuth, and Secretary of Defense Lloyd Austin (collectively, "Federal Defendants") (collectively, "Defendants") for violation of the First Amendment and the Administrative Procedure Act ("APA"). (ECF No. 57.) Plaintiff seeks only injunctive and declaratory relief. (*Id.* ¶¶ 109–118.)

Before the Court are two motions to dismiss. First, Defendants' Joint Motion to Dismiss Second Amended Complaint ("Joint Motion") was filed on November 11, 2021. (ECF No. 61.) Plaintiff filed a response on December 27, 2021. (ECF No. 64.)

Defendants filed a reply on February 17, 2022. (ECF No. 70.) On the same day, Defendants filed their second motion to dismiss, Defendants' Partial Motion to Dismiss as Moot Pursuant to Rule 12(b)(1) ("Partial Motion"), citing changes in circumstances. (ECF No. 71.) Plaintiff filed a response on March 11, 2022. (ECF No. 75.) Defendants filed a reply on March 25, 2022. (ECF No. 76.) On July 12, 2022, Defendants filed the Notice of Agency Action ("Notice"). (ECF No. 77.) The Court construes the Partial Motion and the Notice together as a motion to dismiss all of Plaintiff's claims ("Construed Motion").

For the reasons stated below, the Construed Motion is granted, and the Joint Motion is denied as moot.

## I. BACKGROUND[1]

Plaintiff is a lawyer and a Major in the U.S. Army Reserve in Virginia,[2] serving as a Judge Advocate General. (*See* ECF No. 57 ¶ 9; ECF No. 70-4 ¶ 4; ECF No. 77 at 2.) On May 30, 2020, Plaintiff—then serving as a Captain in the Colorado Army National Guard ("COARNG")—participated in a Black Lives Matter protest in Denver, Colorado. (ECF No. 57 ¶¶ 9–12.) On June 4, 2020, the *Denver Post* published an op-ed Plaintiff wrote about his participation in the protest and the Denver Police's use of tear gas against protesters. (*Id.* ¶ 22.) On the very same day the COARNG began an investigation into Plaintiff's protest participation and authorship of the *Denver Post* op-

---

[1] The following factual summary is drawn from the Plaintiff's Second Amended Complaint (ECF No. 57), except where otherwise stated. The Court assumes the allegations in the Second Amended Complaint are true for the purposes of deciding the Construed Motion. *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

[2] Plaintiff also holds a Ph.D. and currently teaches at the College of William & Mary. (ECF No. 57 ¶¶ 9, 54.)

2

ed.  (*Id.* ¶ 24.)  On July 9, 2020, Plaintiff wrote a second op-ed—this time published in the *Colorado Newsline*—questioning why he was being investigated for peaceful protest activities.  (*Id.* ¶ 25.)  This set in motion a cascade of reprimands, negative evaluations, and other detrimental actions affecting Plaintiff's military career, including a withheld medal and delayed promotion ("Personnel Actions").  (*Id.* ¶¶ 22–56.)

On July 12, 2020, Plaintiff received a Letter of Reprimand from Sandrock based in part of Department of Defense Instruction 1325.06, Enclosure 3, Paragraph 6(d) ("DoDI"), which prohibits officers from participating in protests where "violence is likely to result."  (*Id.* ¶¶ 27–28, 83.)  On September 13, 2020, Plaintiff received a General Officer Memorandum of Reprimand ("GOMOR") from Paul, also based in part on the DoDI.  (*Id.* ¶¶ 29–32.)  On March 4, 2021, Beatty and Robinson filed a negative evaluation of Plaintiff, based on the DoDI.  (*Id.* ¶¶ 33.)  On July 7, 2021, and July 8, 2021, Sandrock informed Plaintiff that he would receive the Army Reserve Achievement Medal ("Medal") given every three years to National Guard and Reserve unit members for "exemplary behavior, efficiency, and fidelity."  (*Id.* ¶ 51.)  Plaintiff later learned that Paul overruled Sandrock's decision because of the Letter of Reprimand and GOMOR, and Plaintiff did not receive the Medal.  (*Id.* ¶ 52.)  On July 26, 2021, non-party Colonel Kevin Mulcahy, Deputy Director of Manpower and Personnel for the National Guard Bureau, issued a memorandum that the DoDI does not apply to "National Guard personnel in a non-federalized duty status."  (*Id.* ¶ 39.)  On September 11, 2021, Plaintiff submitted a request to transfer to the U.S. Army Reserve in Virginia.  (*Id.* ¶ 54.)  On October 20, 2021, Beatty informed Plaintiff that he would receive a second negative evaluation based on the GOMOR.  (*Id.* ¶ 55.)  Plaintiff filed various intra-military appeals

challenging these decisions.  (*Id.* ¶¶ 57–58.)

On December 14, 2021, Plaintiff won his intra-military appeal challenging the first negative evaluation.  (ECF No. 70-3 ¶ 4.)  As a result of this decision, the Letter of Reprimand was also removed from Plaintiff's file.  (*Id.*)  On January 3, 2022, Plaintiff won his intra-military appeal challenging the GOMOR.  (ECF No. 71-1.)  On January 18, 2022, COARNG awarded Plaintiff the Medal in light of his successful appeal of the GOMOR.  (ECF No. 70-4 ¶ 4.)   On February 11, 2022, Plaintiff successfully transferred to the U.S. Army Reserve in Virginia.  (ECF No. 71-4 ¶ 3.)  On April 5, 2022, Plaintiff won his intra-military appeal challenging the second negative evaluation.  (ECF No. 77-1.)  On June 14, 2022, Plaintiff was promoted to Major.  (ECF No. 77-2 at 2.)

## II. LEGAL STANDARD

Article III of the U.S. Constitution restricts federal courts to deciding "cases" and "controversies."  *See* U.S. Const. art. III, § 2, cl. 1.  These words have been interpreted to restrict federal courts from giving "advisory opinions."  *Flast v. Cohen*, 392 U.S. 83, 96 (1968).  In other words, a federal court may not resolve questions in the abstract, but instead may only resolve "disputes arising out of specific facts when the resolution of the dispute will have practical consequences to the conduct of the parties."  *Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011).

To safeguard this restriction, the Supreme Court has articulated a three-element test for "Article III standing":

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'"  Second, there must be a causal connection between the injury and the conduct complained of . . . .  Third, it must be "likely," as opposed to

4

> merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations omitted; certain alterations incorporated). But even if a party establishes Article III standing at the beginning of the case, the case may nonetheless "become[] moot when [the] plaintiff no longer suffers actual injury that can be redressed by a favorable judicial decision." *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015) (internal quotation marks omitted).

## III. ANALYSIS

In this action, Plaintiff seeks: (1) relief from the Personnel Actions, which have negatively impacted his military career; and (2) a decision from this Court that the DoDI, facially and as applied, violates the First Amendment rights of Plaintiff and those similarly situated.[3] The Court addresses the justiciability of these two requests for relief in turn.

### A.   Personnel Actions

Defendants assert Plaintiff's claims related to the Personnel Actions are moot because "Plaintiff has already received the relieve he has requested" via his intra-military appeals. (ECF No. 71 at 9.) The Letter of Remand from Sandrock was found to have been issued in error and has since been removed from Plaintiff's record. (*Id.* at 3.)

---

[3] Because the Court finds Plaintiff's claims are moot for lack of standing, the class allegations in the Second Amended Complaint are of no import. A named plaintiff must individually and independently have standing and cannot rely on potential class members' injuries to satisfy this burden. *See, e.g.*, *Warth v. Seldin*, 422 U.S. 490, 502 (1975) (class representatives "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent"); *Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*, 353 F. Supp. 3d 1070, 1089 (D. Colo. 2018) ("[T]he named plaintiffs must allege an actual injury, not an 'injury that has been suffered by other unidentified members of the class.'" (quoting *Spokeo v. Robins*, 578 U.S. 330, 338 n.6 (2016))).

5

The GOMOR from Paul was found to be "untrue or unjust" and has been removed from Plaintiff's record. (*Id.* at 3–4.) The "ratings and comments" in the first negative evaluation were found to be erroneous, and the evaluation was removed from Plaintiff's record. (*Id.* at 4.) The Medal Plaintiff was denied has since been awarded, in light of the retroactive removal of the GOMOR. (*Id.* at 5.) Plaintiff's transfer to the U.S. Army Reserve in Virginia has been approved. (*Id.*) The second negative evaluation was found to be "not processed in accordance with governing authority" because the "ratings and comments [in it] were not the objective judgments of the rating officials." (ECF No. 77-1 at 9.) Therefore, the Army Special Review Board determined that leaving the second negative evaluation in Plaintiff's record would be an "injustice." (*Id.*) Because of Plaintiff's successful appeals are effective retroactively, Plaintiff was eligible for promotion reconsideration. (ECF No. 71 at 4.) On June 14, 2022, Plaintiff was promoted to Major. (ECF No. 77-2 at 2.)

To his credit, Plaintiff concedes in response to the Partial Motion that "[i]ssues personal to Capt[ain] Kennedy are largely moot, other than the second negative evaluation." (ECF No. 75 at 1.) Plaintiff further concedes that "[s]urvival of [his] individual claims" turn on whether the second negative evaluation was an injury sufficient to confer standing. (ECF No. 75 at 1.) Now that Plaintiff has also prevailed on his intra-military appeal concerning the second negative evaluation, no order from this Court could have a real-world effect on Plaintiff's rights with respect to the Personnel Actions. *Kansas Judicial Review v. Stout*, 562 F.3d 1240, 1246 (10th Cir. 2009).

Therefore, the Court dismisses Plaintiff's claims relating to the Personnel Actions as moot.

**B.     Constitutional Claims**

Defendants assert Plaintiff's First Amendment claims are non-justiciable based on separate rationales for the two classes of defendants. (ECF No. 71 at 9–13.) The National Guard Defendants argue the claims against them are moot because Plaintiff no longer serves under the National Guard chain of command, and because Plaintiff seeks only prospective relief, there is no longer a live dispute. (*Id.* at 9.) The Federal Defendants, on the other hand, argue Plaintiff never had standing because they are simply the wrong defendants. (*Id.* at 10.) For the purposes of considering the Construed Motion, the Court assumes Plaintiff had standing against the Federal Defendants when this suit was filed and analyzes the justiciability of Plaintiff's claims under a mootness theory.

      1.     <u>National Guard Defendants</u>

The National Guard Defendants argue that because Plaintiff is no longer a member of the National Guard, no change in their behavior will have any impact on him. (*Id.* at 9; ECF No. 76 at 2–3.) Therefore, any injunction or declaration of Plaintiff's rights from this Court directed at the National Guard Defendants would be an advisory opinion. (ECF No. 71 at 7.) Federal courts have never been in the business of issuing such opinions. *See Muskrat v. United States*, 219 U.S. 346, 352–54 (1911).

In his response, Plaintiff argues that the second negative evaluation is still part of his permanent record and would be viewed by promotion boards. (ECF No. 75 at 5–6.) This was true at the time, and the Court must accept as true that the presence of a negative evaluation would impact Plaintiff's prospects at promotion. Like many prominent law firms, the Army has an "up-or-out" system for commissioned officers. (*See* ECF No. 64.) So, being denied promotion is essentially the end of one's military

career.  *See Schlesinger v. Ballard*, 419 U.S. 498, 575 (1975) (discussing statute "requir[ing] that [officers] be discharged when they are considered as having failed of selection for promotion  . . . for the second time") (internal quotation marks omitted).  This policy initially applied only to the Navy and Marines, but now applies to the Army and Air Force as well.[4]

The Court takes as true Plaintiff's allegations that the National Guard Defendants set out to indirectly end his military career via the Personnel Actions in retaliation for the content of his political speech.  (ECF No. 57 ¶¶ 56, 101–08.)  Be that as it may, now that the second negative evaluation has been removed from Plaintiff's record, and he has in fact been promoted, this cannot form the basis for a live controversy.[5]

Plaintiff also disputes Defendants' assertion that he has already received the relief he requests because it "cannot be reconciled with the *actual relief* Plaintiff requests, which includes a declaration that the DoDI is unconstitutional on its face and as applied to Plaintiff's pattern of conduct, and injunctive relief requiring amendment to the DoDI in a manner consistent with the First Amendment."  (ECF No. 75 at 7.)  In support of his entitlement to pursue this relief, Plaintiff explains that the chilling of his speech is a cognizable harm and argues Mulcahy's memorandum amounts to voluntary cessation at most.  (ECF No. 75 at 7–8.)

These arguments miss the mark and do not satisfy the Court that if it directed an order at the National Guard Defendants, there would be any impact on Plaintiff at all.  Plaintiff is not in the National Guard, and even if the National Guard Defendants

---

[4] *See Ballard*, 419 U.S. at 573 n.1; 10 U.S.C. §§ 14505, 14513.

[5] The Court again notes that Plaintiff seeks only forward-looking relief.  (ECF No. 57 ¶¶ 109–118.)

8

"resum[ed] the challenged conduct as soon as the case is dismissed," *Knox v. Service Employees. International Union, Local 1000*, 567 U.S. 298, 307 (2012), they would have no power to punish Plaintiff for his speech. As with his claims arising from the Personnel Actions, because Plaintiff's alleged injury cannot be redressed by a Court order *directed at* the National Guard Defendants, his First Amendment claims against those defendants are moot.

As such, the Court dismisses Plaintiff's First Amendment claims against the National Guard Defendants.

2. Federal Defendants

The parties have spilled considerable ink arguing over whether Plaintiff had standing to bring this action (and by extension, standing to sue the Federal Defendants) at the time of filing. While this litigation has been pending, the sands have shifted beneath the parties, resulting in briefs that rely on facts that no longer are present in the case. *See supra*, Section B.1. Further, due to the events underlying this litigation, the briefing has primarily focused on the conduct of the National Guard Defendants and the ramifications of that conduct. Consequently, the briefs are not as helpful as they could be regarding the justiciability of Plaintiff's claims against the Federal Defendants specifically. For the purposes of ruling on the Construed Motion, the Court assumes Plaintiff had standing at the commencement of this action and considers only whether his claims have since become moot.

In the Court's view, the critical inquiry is whether Plaintiff's claimed injury is "fairly traceable" to the Federal Defendants. *Lujan*, 504 U.S. at 560. Plain and simple—as alleged in the Second Amended Complaint ("SAC")—this case is about the unfair punishment meted out by the National Guard Defendants because Plaintiff's

commanding officers disagreed with the content of his constitutionally protected speech. In the 45-page SAC, Wormuth's name appears just five times. (*See* ECF No. 57.) If one excludes the case caption, statements of jurisdiction and proper venue, and description of the parties, she is nowhere to be found in the SAC. (*See id.*) Austin's name also appears five times—only one of which is not in the case caption, statements of jurisdiction and proper venue, or description of the parties. (*See id.*) The sole substantive paragraph discussing Austin is below in full:

> Department of Defense Instruction 1325.06, Enclosure 3, Paragraph 6(d), which broadly and unconstitutionally prohibits "members of the Armed Forces" from "participating in off-post demonstrations" if "violence is likely to result," and which is not subject to narrowing construction by any court or by agencies headed by Defendants Austin, Whitley, Hokanson, or Clellan, facially contravenes rights to freedom of speech and assembly, and can reasonably be expected to chill a reasonable person from engaging in activity protected by First Amendment.

(*Id.* ¶ 83.) Hokanson is the Federal Defendant who appears most frequently: a comparatively prominent eleven times, excluding the case caption, statements of jurisdiction and proper venue, or description of the parties. (*See* ECF No. 57.) Of these eleven mentions, all but two are related to Plaintiff's now-successful appeals of the Personnel Actions. (*See id.* ¶¶ 34, 57, 73, 92.) The first exception is an allegation that the Personnel Actions are inconsistent "with Defendant Hokanson's message to National Guard members on Martin Luther King Jr. Day that civil rights and democracy 'are not self-executing.'" (*Id.* ¶ 73.) The other is paragraph 83, reproduced above. (*Id.* ¶ 83.)

Despite this, Plaintiff asserts he has standing to purse his constitutional claims against the Federal Defendants because he has demonstrated the three elements

10

required to show injury in chilled-speech claims seeking prospective relief. (ECF No. 75 at 10.)

> [P]laintiffs in a suit for prospective relief based on a "chilling effect" on speech can satisfy the requirement that their claim of injury be "concrete and particularized" by (1) evidence that in the past they have engaged in the type of speech affected by the challenged government action; (2) affidavits or testimony stating a present desire, though no specific plans, to engage in such speech; and (3) a plausible claim that they presently have no intention to do so because of a credible threat that the statute will be enforced.

*Rio Grande Foundation v. City of Santa Fe*, 7 F.4th 956, 959 (10th Cir. 2021) (quoting *Initiative & Referendum Inst. V. Walker*, 450 F.3d 1082, 1088 (10th Cir. 2006)). The Federal Defendants assert Plaintiff has met none of these elements. (ECF No. 76 at 3–4.) The key element for this analysis, however, is the third—because the facts Plaintiff relies upon to satisfy that element make clear that any credible threat of enforcement of the DoDI is fairly traceable only to the National Guard Defendants.

Plaintiff asserts there is a credible threat of future enforcement because the DoDI indisputably applies to him as a member of the U.S. Army Reserve, the DoDI was re-issued in December 2021 without alteration to the relevant section, training materials from 2014 interpreting the DoDI instruct officers that participating in peaceful protests violates the DoDI, and—most importantly—the DoDI has already been enforced against him. (ECF No. 75 at 11–12.) The Federal Defendants emphasize that only the National Guard Defendants "ever enforced the Instruction against Plaintiff" and "Plaintiff does not assert that his new commander has threatened to enforce the Instruction against him, or that any of the federal Defendants have made such threats." (ECF No. 76 at 5.)

Plaintiff's heavy reliance on the prior enforcement by the National Guard Defendants is unavailing against the Federal Defendants. The Court does not question

11

the reasonableness of Plaintiff's fear of future serious professional repercussions or the sincerity of his claim that he abstains from further protest participation because of that fear.  (ECF No. 75-1 ¶ 9.)  But the mere fact that the DoDI is still "on the books" and applies to Plaintiff does not amount to an injury under Tenth Circuit precedent.  *Mink v. Suthers*, 482 F.3d 1244, 1253 (10th Cir. 2007) (quoting *Winsness v. Yocom*, 433 F.3d 727, 731 (10th Cir. 2006)) ("But the 'mere presence on the statute books of an unconstitutional statute, in the absence of enforcement or credible threat of enforcement, does not entitle anyone to sue, even if they allege an inhibiting effect on constitutionally protected conduct prohibited by the statute.'").  The only evidence that goes beyond this is the Personnel Actions, and there are no allegations, plausible or otherwise, that the Federal Defendants are responsible for the retaliation pleaded in the SAC.

Regardless of whether Plaintiff had standing when he filed this action, the Court finds that Plaintiff presently lacks standing to bring his constitutional claims against the Federal Defendants now.  Therefore, the Court finds those claims moot.

## IV. CONCLUSION

For the reasons set forth above, the Court Orders as follows:

1. Defendants' Construed Motion (ECF Nos. 71, 77) is GRANTED;
2. Defendants' Joint Motion to Dismiss Second Amended Complaint (ECF No. 61) is DENIED AS MOOT;
3. The Second Amended Complaint (ECF No. 57) is DISMISSED without prejudice;
4. All parties shall bear their own costs; and

5. The Clerk shall terminate this case.

Dated this 8th day of August, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge