**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 21-cv-0772-WJM-MEH

ALAN KENNEDY,

    Plaintiff,

v.

DOUGLAS PAUL, Assistant Adjutant General, Colorado National Guard;
RICHARD SANDROCK, JFHQ Commander, Colorado National Guard;
CHARLES BEATTY, Chief of Staff (Army), Colorado National Guard;
KEITH ROBINSON, Staff Judge Advocate, Colorado National Guard;
LAURA CLELLAN, Adjutant General, Colorado National Guard;
DANIEL HOKANSON, Chief of the National Guard Bureau;
CHRISTINE WORMUTH, Secretary of the Army; and
LLOYD AUSTIN, Secretary of Defense,

    Defendants.

---

**ORDER GRANTING IN PART PLAINTIFF'S RULE 59(e) MOTION TO
ALTER OR AMEND ORDER AND JUDGMENT**

---

Before the Court is Plaintiff Alan Kennedy's Rule 59(e) Motion to Alter or Amend

Order and Judgment ("Motion") (ECF No. 80), seeking relief from the Court's Order

Granting Motion to Dismiss ("Prior Order") (ECF No. 78) and Final Judgment (ECF No.

79).  Defendants[1] filed a response.  (ECF No. 81.)  For the following reasons, the

Motion is granted in part as stated herein.[2]

---

[1] The Court uses the same defined terms as in its Prior Order.  (ECF No. 78.)

[2] Plaintiff seeks an order that both grants reconsideration and denies Defendants' Joint Motion and Partial Motion.  (*See* ECF No. 80 at 15.)  For the reasons stated in Part III.B, *infra*, the Court declines to deny these motions and instead will order further briefing.

## I. BACKGROUND

Plaintiff is a former Captain in the COARNG.  (ECF No. 78 at 2.)  During his service in the COARNG, Plaintiff peacefully participated in a Black Lives Matter protest in Denver while off-duty and in civilian clothing.  (*See id.*)  After the protest, Plaintiff wrote an op-ed about his protest participation and the conduct of the Denver Police during the protest, which was published in the *Denver Post*.  (*Id.*)  Plaintiff's chain of command in the COARNG opened an investigation into Plaintiff's protest participation and authorship of the *Denver Post* op-ed.  (*Id.* at 2–3.)  In response, Plaintiff wrote a second op-ed, published in the *Colorado Newsline*, which questioned why he was being investigated for his peaceful protest activity.  (*Id.* at 3.)  These events caused a series of Personnel Actions that the Court previously described as "a cascade of reprimands, negative evaluations, and other detrimental actions affecting Plaintiff's military career, including a withheld medal and delayed promotion." (*Id.*)  In response, Plaintiff filed this action.

After filing this action, Plaintiff prevailed in a series of intra-military appeals challenging the Personnel Actions.  (*Id.*)  The Letter of Reprimand, negative evaluations, and GOMOR were removed from Plaintiff's file; he received the Medal he was previously denied; his transfer to the U.S. Army Reserve in Virginia was approved; and he was selected for promotion to Major.  (*Id.*)  Based on these developments, on August 8, 2022, the Court found that Plaintiff's claims were moot and dismissed the Second Amended Complaint without prejudice for lack of subject-matter jurisdiction.  (*Id.* at 5–12.)

Plaintiff now argues subsequent events have undercut the rationales and factual

bases for the Prior Order.  He asserts the U.S. Army Reserve has opened an investigation into the same First Amendment activity underlying the Personnel Actions based on information provided by the COARNG and his promotion to Major has been "involuntarily delayed."  (ECF No. 80 at 2.)  Further, he asserts that COARNG's second negative evaluation was included in a file used to determine whether he would be selected for a competitive "resident" intermediate level education ("ILE") course—while all Majors must complete ILE, those selected for resident programs are likelier to receive choice assignments and be later promoted to Lieutenant Colonel.  (*Id.* at 7.) Plaintiff was not selected for a resident ILE program.  (ECF No. 85 at 2.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a Court to alter or amend a judgment on timely motion by a party.  "Rule [59(e)] was adopted to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment."  *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982) (internal quotation marks omitted).  Accordingly, the Court may amend the judgment in its discretion where there has been an intervening change in the controlling law, new evidence that was previously unavailable has come to light, or the Court sees a need to correct clear error or prevent manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) ("[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued.").  Nor can a party invoke Rule 59(e) to "elaborate on arguments already decided."  *Nelson v. City of Albuquerque*, 921 F.3d 925, 929–30 (10th Cir. 2019).

"A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. However, motions to alter or amend the judgment pursuant to Rule 59(e) "are regarded with disfavor. . . [and are] 'not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.'" *Kerber v. Qwest Grp. Life Ins. Plan*, 727 F. Supp. 2d 1076, 1076 (D. Colo. 2010) (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

### III. ANALYSIS

At the most basic level, Plaintiff argues this action is not moot because despite Defendants' assertion and the Court's ruling that Plaintiff had obtained all the relief he seeks in this action via the intra-military appeals, the negative effects of the Personnel Actions continue to hound Plaintiff, even after his successful transfer to the U.S. Army Reserve in Virginia. (*See generally* ECF No. 80.) Defendants, for their part, argue that the Motion fails to identify newly discovered evidence of the nature warranting reconsideration and otherwise merely rehashes rejected arguments. (*See generally* ECF No. 81.)

### A. Vacatur

The Court's Prior Order depended on two key facts to rule that all of Plaintiff's claims are moot. As the Court noted, Plaintiff concedes that the Personnel Actions, "other than the second negative evaluation" are moot. (ECF No. 78 at 6 (quoting ECF No. 75 at 1).) Therefore, in the Prior Order, the Court heavily relied on the fact that "Plaintiff has also prevailed on his intra-military appeal concerning the second negative evaluation" to conclude that Plaintiff's Administrative Procedure Act claim with respect to the Personnel Actions and First Amendment claims against the National Guard

4

Defendants are moot.  (*Id.* at 5–9.)  The Court also relied on the fact that the only parties that had enforced or even threatened to enforce the DoDI against Plaintiff are the National Guard Defendants.  (*Id.* at 11–12.)  On this basis, the Court ruled there was no credible threat of enforcement by the Federal Defendants.  (*Id.*)

In short, the Court's understanding was that the dispute underlying this action had been resolved, and Plaintiff had won.  He was no longer under the command of the COARNG, and the damaging reprimands and evaluations from the National Guard Defendants had been permanently removed from his file.  He had been awarded the Medal that was unjustly denied, and he had been promoted to Major.

The Court was under the impression that the second negative evaluation had been removed from Plaintiff's file and could not have any further impact on Plaintiff's military career; however, the Court was mistaken.  (*Id.* at 8; ECF No. 80-1 at 2, ¶¶ 5–6.) Instead, because of the timing of Plaintiff's intra-military appeals and a federal policy of using the same file for promotion and ILE selection boards, the second negative evaluation was included in Plaintiff's ILE selection board file.  (ECF No. 80-1 at 2, ¶¶ 5–6.)  Defendants implicitly admit as much when they assert that "Plaintiff's board file contained a memorandum from the COARNG stating that the second evaluation should be removed."  (ECF No. 81 at 9.)

These events call into question the Court's prior assessment and compel it to conclude that its decision on mootness was premature.  Not only do the current circumstances demonstrate that the National Guard Defendants' enforcement of the DoDI remains a potential negative mark on Plaintiff's career, but they also show that policies implemented by the Federal Defendants in part caused this unfortunate state of

affairs.  On this record, therefore, the Court concludes that this is one of those rare cases in which it must take the highly unusual step of vacating its Prior Order and the Final Judgment entered thereon.

## B.   Advancing this Litigation

The facts at the core of this action and the parties' respective positions have been unusually fluid.  On several occasions, critical facts have evolved after briefing on motions has concluded—the parties have responded by filing notices of agency action or subsequent motions.  (*See* ECF Nos. 71, 77, 85.)  This has resulted in briefing that is particularly stale, unresponsive to the current record, and most unhelpful to the Court. Therefore, the Court concludes that it has no true option but to direct amended briefing as detailed *infra*, Part IV.

## IV. CONCLUSION

For the reasons explained above, the Court ORDERS the following:

1. Plaintiff Alan Kennedy's Rule 59(e) Motion to Alter or Amend Order and Judgment (ECF No. 80) is GRANTED to the extent it seeks relief from the Prior Order and Final Judgment, and is DENIED in all other respects;

2. The Court's Order Granting Motion to Dismiss (ECF No. 78) and the Final Judgment (ECF No. 79) are VACATED;

3. The Clerk of Court is DIRECTED to reopen this action on the Court's active docket;

4. Defendants are DIRECTED to file an Amended Joint Motion to Dismiss the Second Amended Complaint predicated on the current state of the factual record.  This Amended Joint Motion will be limited to **32 pages**, exclusive of attorney signature blocks and certificate of service, and must

6

be filed by no later than **October 13, 2023**;

5.    Plaintiff is DIRECTED to file a response to the Amended Joint Motion limited to **32 pages**, exclusive of attorney signature blocks and certificate of service, by no later than **November 3, 2023**;

6.    Defendants are DIRECTED to file a joint reply in support of their Amended Joint Motion limited to **20 pages**, exclusive of attorney signature blocks and certificate of service, by no later than **November 17, 2023;** and

7.    Defendants' Joint Motion to Dismiss Second Amended Complaint (ECF No. 61) is hereby STRICKEN.

Dated this 14th day of September, 2023.

                                        BY THE COURT:

                                        _____
                                        William J. Martínez
                                        Senior United States District Judge