**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 21-cv-0772-WJM-CYC

ALAN KENNEDY,

Plaintiff,

v.

STEVEN S. NORDHAUS, Chief of the National Guard Bureau;
DANIEL DRISCOLL, Secretary of the Army; and
PETE HEGSETH, Secretary of Defense,

Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

---

Before the Court is Plaintiff's Motion for Summary Judgment ("Motion"). (ECF No. 160.) Defendants filed a response opposing the Motion (ECF No. 169), to which Plaintiff filed a reply (ECF No. 170).

For the following reasons, the Court denies the Motion in its entirety.

## I. LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends on whether the evidence presents a sufficient disagreement to require submission to a jury or, conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248–49 (1986); *Stone v.*

*Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987). Stated differently, a genuine issue of material fact exists when the evidence is such that it might lead a reasonable trier of fact to return a verdict for the nonmoving party. *Allen v. Muskogee, Okla.*, 119 F.3d 837, 831 (10th Cir. 1997).

The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. Where the non-movant bears the burden of proof at trial, the non-movant must then point to specific evidence establishing a genuine issue of material fact with regard to each challenged element. *See Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002); *In re Ribozyme Pharms., Inc. Sec. Litig.*, 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002). In addition, the Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *See Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## II. ANALYSIS

The Court presumes the parties' familiarity with the factual background of this case from its Order granting Defendants' first Motion to Dismiss (ECF No. 78), its subsequent vacatur of that Order (ECF No. 86), its Order granting in part and denying in part the second Motion to Dismiss (ECF No. 102), and its Order granting in part and denying in part Defendants' Motion for Summary Judgment (ECF No. 174) ("First Summary Judgment Order"). The Court thus proceeds directly to the merits of the Motion. Plaintiff only moves summary judgment on his First Amendment challenges. (ECF No. 160.)

### A. First Amendment Facial Challenge

The Court will deny the Motion on this challenge because it has granted summary judgment to Defendants on this claim in its First Summary Judgment Order. (ECF No. 174.)

The Court determined the Instruction is content-neutral and neither vague nor overbroad. (*Id.* at 22–26.) The Instruction also survives intermediate scrutiny review. (*Id.* at 27–28.) As such, the Court granted summary judgment to Defendants as to Plaintiff's First Amendment facial challenge. (*Id.* at 33.) Thus, the Court will deny the Motion on this basis because it already granted summary judgment to Defendants.

**B. First Amendment As-Applied Challenge and Retaliation Claim**

As the Court explained in the First Summary Judgment Order, there are genuine issues of material fact that preclude the Court from granting summary judgment on Plaintiff's remaining First Amendment claims. The Court incorporates that analysis here and adds as follows.

"A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way." *Coomer v. Make Your Life Epic LLC*, 780 F. Supp. 3d 1129, 1139 (D. Colo. 2025) (citation omitted). The First Summary Judgment Order fleshes this principle out with respect to the facts of this case. But because the Court now considers Plaintiff's Motion, it has the responsibility of viewing the facts in the light most favorable to Defendants, such that a reasonable jury could find in their favor. *Allen*, 119 F.3d at 831.

Here, several factual disputes demonstrate that a reasonable jury could find in favor of Defendants. For instance, Defendants posit that Plaintiff was reprimanded because of his negative references to the chain of command rather than solely because of his protest attendance. In this light, a reasonable jury could find that the personnel actions were not in contravention of the First Amendment and thus resolve this case in Defendants' favor. Plaintiff's non-selection for resident ILE also presents a genuine factual dispute. Consider that a reasonable jury could agree with Defendants that "no evidence indicates that

[Plaintiff] was not selected because of the Second Evaluation, his protest attendance, or the Instruction." (ECF No. 174 at 30; *see* ECF No. 150 at 11.) In that event, the jury would find in Defendants' favor and decide that Plaintiff's non-selection was due to factors independent of his protest participation or the Instruction. Further, the perceived value of resident ILE presents another genuine issue of material fact. A reasonable jury could agree with Defendants that resident ILE does not preclude a major from having a successful career, and accordingly, find that no retaliatory action occurred. These genuine issues of material fact should be left to the jury to resolve.

Accordingly, the Court will not grant summary judgment to Plaintiff on these remaining claims.

## III. CONCLUSION

For all these reasons, the Court DENIES the Motion.

Given the ancient vintage of this action it is referred back to Magistrate Judge Cyrus Chung to schedule a prompt Final Pretrial Conference and for entry of a Final Pretrial Order, such that trial may be expeditiously scheduled on Plaintiff's remaining claims.

Dated this 4th day of November, 2026.

BY THE COURT:

William J. Martínez
Senior United States District Judge